## L. B. WHEAT AND WILLIAM H. BOND v. PHEBE A. BURGESS AND GEORGE W. BURGESS.

1. PARTITION OF HOMESTEAD AMONG TENANTS IN COMMON; *Wife a Necessary Party*. Where a person owns an undivided half of three hundred and twenty acres of farming land, and resides upon and occupies it with his family, consisting of his wife and children, and an action of partition is brought by the other tenants in common with him to divide the real estate and have certain claims of lien-holders adjudged liens against the homestead interest of such person, *held*, that the wife is a necessary party in the suit.

2. JUDGMENT *in such Action, When Void*. A judgment in such an action decreeing that the one hundred and sixty acres set off to the husband is subject to certain liens which, if not paid within a short time, shall be satisfied from the proceeds arising from a sale of said homestead, is void as against the wife in the absence of jurisdiction of her person by the court rendering the judgment.

3. JUDGMENT IN PARTITION, *Action to Modify; Necessary Parties*. A. and others brought an action to partition three hundred and twenty acres held by tenants in common, and of which land B. was the owner of an undivided half, subject to a lien under an execution issued and levied upon a judgment for the purchase money of one-sixteenth part thereof. The interest of B. was occupied so as to create a homestead claim for himself and wife. In the action one hundred and sixty acres were set off to B. subject to a lien for the said purchase money. No service, either personal or constructive, was made upon the wife, and she made no appearance in the action; but an unauthorized attorney filed pleadings in the case in her name, but without her knowledge or consent. *Held*, That in an action brought by her to modify said judgment and to readjust the lien of the judgment-creditor for the purchase money, all the original parties in the partition suit are necessary parties for a full and complete determination of the matters involved.

*Error from Leavenworth District Court.*

THIS proceeding in error was brought to reverse a judgment rendered in the district court of Leavenworth county, April 22d, 1876, in an action wherein *Phebe A. Burgess*, the wife of George W. Burgess, was plaintiff, and *Floyd Shannon* and *Sarah K. Shannon*, his wife, *George W. Burgess*, and *William H. Bond, Sheriff of Leavenworth county*, *L. B. Wheat*, and —— *Wheat*, his wife, were defendants. Mrs. Wheat demurred to the petition filed in the above action, and her demurrer

was sustained and judgment rendered in her favor. Floyd Shannon and Sarah K. Shannon were not served with summons, and therefore only *George W. Burgess, William H. Bond* and *L. B. Wheat* were before the court at the time of trial and judgment.

In the aforesaid action it was adjudged that the west 160 acres of the northwest quarter of section 6, township 9, range 22, in Leavenworth county, was the homestead of said *George W. Burgess* and his family; that said plaintiff, *Phebe A. Burgess,* not having been a party to the action commenced in this court on the first day of October, 1873, by Julia D. Burgess, Cornelius M. Burgess, jr., John J. Burgess, Floyd S. Burgess, and Luella V. Burgess against *George W. Burgess, Phebe A. Burgess,* John Mower, Floyd Shannon and Sarah K. Shannon, for the partition of the north half of said section 6, township 9, range 22, mentioned in the conclusions of fact heretofore found in this action, was not bound by the judgment in that action, and therefore said west 160 acres ought not to have been declared subject to the payment of the judgment rendered in favor of Floyd Shannon and against *George W. Burgess,* and ought not to have been sold under said judgment; and said judgment in the partition suit was so modified as to render only such an undivided interest in said west one hundred and sixty acres subject to sale under the aforesaid judgment rendered in favor of Floyd Shannon, and assigned to said *L. B. Wheat,* as is equivalent to the interest in said half-section sold by said Shannon and wife to said *George W. Burgess,* which is an undivided eighty-one six-hundred-and-fortieths $\left(\frac{81}{640}\right)$ of said west one hundred and sixty acres; except, and it was adjudged and provided that, in case the said *George W. Burgess,* his wife and family, should not within a reasonable time take up their actual and *bona fide* residence on said one hundred and sixty acres of land, then the said *L. B. Wheat,* on proper notice, and on application to this court for an order giving him leave so to do, might and should be allowed to sell the whole of said one hundred and sixty acres of land, etc.

It was further adjudged in the above action that the plaintiff, *Phebe A. Burgess*, have and recover of the defendants, *L. B. Wheat* and *William H. Bond*, costs, etc.

The defendants, *Wheat* and *Bond*, excepted to the foregoing judgment, and to each and all of the orders and decisions therein, and they bring the case here for review. Other facts and proceedings are stated in the opinion.

*Clough & Wheat*, for plaintiffs in error.

*Taylor & Gillpatrick*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: After the petition had been filed in this case in the court below, the plaintiff in error demurred thereto for several reasons, among others: That there was a defect of parties defendant, and that Julia A. Burgess, Cornelius M. Burgess, John J. Burgess, Floyd S. Burgess, Luella V. Burgess and John Mower, mentioned in the original action of partition, should be made defendants. The demurrer was overruled, and exceptions taken.

Afterward, the said L. B. Wheat filed a written motion to make the same persons defendants, and have them duly summoned to reply to the counter-claim of said defendant. This motion was overruled separately as to each of these persons. Exceptions were taken. Thereafter, in the amended answer of said Wheat, it was alleged that said persons were necessary parties to a complete determination and settlement of the questions involved in the action. This allegation seems to have been disregarded by the court below in its findings of fact and law, and also in the judgment rendered. This action of the court was error, and, in view of the judgment rendered, fatal error, demanding a reversal of the same. The action of Mrs. Burgess was instituted to modify a judgment in a partition action in which all the said persons were interested parties, on the ground that it was void from want of jurisdiction in the court of her person. If Mrs. Burgess and her husband had a homestead interest in the undivided

half of the north half of the land partitioned, then she was
a necessary party in that action, and any judgment adverse
to her rights in the absence of jurisdiction of her person was
void.  Upon proper proceedings she could have the same
annulled; but she cannot set aside so much of that judgment
as she does not like, and retain the benefit of that portion
which is satisfactory to her.  If she asks to have the lien of
the Shannon judgment released and withdrawn from her
homestead interests, she at the same time must consent to
have the persons interested therein placed in the position they
occupied prior to the rendition of the void judgment.  It
would not be fair to remove from her all the burdens of the
judgment because it was void, and permit her to possess all
its benefits because she wished to enjoy them.  In the parti-
tion suit, the Shannon judgment was made a lien on all of
the west 160 acres set off to Geo. W. Burgess, and was thus
withdrawn from the east 160 acres.  This was satisfactory to
Shannon, as it increased his security from a lien on a small
number of acres to a lien on 160 acres, and under such a
decree, it was really immaterial to Shannon whether the di-
vision was equitable or not, as he was amply secured.  In
the present action all of this was changed, with no opportu-
nity to the judgment-creditor to show that the original allot-
ments were unequal, and that $\frac{81}{640}$ of the west 160 was not
an equivalent to the interest levied on in the whole half-sec-
tion, as no change could be made in said partition as the par-
ties to that suit were not parties to this action.  The findings,
however, convey the impression that the original allotments
were unequal in value, as the other tenants in common with
Burgess paid him $300, and also satisfied certain taxes to
have him accept the west quarter as his share.

A lien-holder, who is a party in an action of partition, has
an interest in a fair and just division of the property, and
the right to object to an unequal allotment to his prejudice,
and especially is this the case, when the interest of such lien-
holder is removed by the court from the undivided moiety of
the whole and attached to an interest in the property assigned

to the tenant in common against whose moiety the lien is a charge.

We suppose it will be conceded that, before the court could have set aside the entire judgment in the partition action, all the original parties thereto except the Shannons, whose place Mr. Wheat has taken, should have been parties to the new action. So we think, if there was to be a readjustment of the lien of a judgment-creditor on the ground that the original judgment was void, this demanded the opening of the case to place the lien of the judgment-creditor in the same condition it was, prior to the rendition of such void judgment. If the judgment was void, it would be paradoxical to call the judgment good for some purposes, and invalid for others, and if there was to be a re-trial of the lien of the Shannon judgment, the other persons named should have been parties. In this way a full and final determination of all the matters involved could have been settled. All of this was denied the plaintiff in error.

Under these views, the judgment of the district court must be reversed, and the court below directed to sustain the demurrer of plaintiffs in error and allow the plaintiff in that court, on proper application being made, to amend her petition by making the persons therein named parties defendant in the action, upon payment by her of all costs made in the district court from the date of the ruling of said court upon the demurrer.

All the Justices concurring.