McAlpine v. Powell.

## NICHOLAS McALPINE v. MARY A. POWELL.

1. EJECTMENT *by Wife, to Recover Homestead Exchanged for Other Land —Erroneous Instruction.* When the owner of a tract of land in Wyandotte county, occupied by his family, exchanges it for a tract of land in Woodson county, and he and his family voluntarily relinquish the possession of it in pursuance of the terms and conditions of the exchange, that are well known to his wife, and they all move to Woodson county and take possession of the land conveyed to them by the exchange, and remain in possession of it and enjoy its benefits for years, and some years after the death of the husband, and after the wife acquired title to the Woodson county land, and sold it and received and enjoyed the proceeds of the sale, she commences her action in ejectment to recover possession of the Wyandotte land, it is error for the trial court to instruct the jury at the trial of the action of ejectment, "That the only question to decide in this case is whether the plaintiff did in fact execute and acknowledge the deed from Daniel Powell and Mary E. Powell, dated January 23, 1875; and if you find that the plaintiff did not execute and acknowledge said deed, you will find for the plaintiff." And it is error for the trial court to exclude from the jury evidence tending to show that the wife had knowledge of the terms and conditions of the exchange; that she assented thereto; that she voluntarily relinquished possession of the Wyandotte county land; that she received and enjoyed the benefits of the exchange.

2. EVIDENCE — *Competent to Prove Equitable Estoppel.* At the trial of such an action it is competent for the defendant below to prove every act and declaration of the plaintiff that tends to show that she is equitably estopped from now claiming an interest in the Wyandotte county land.

3. HOMESTEAD — *Alienation—Rules not Strictly Applied.* The facts of this case, as established at the trial, do not justify the application of those strict rules governing the alienation of homesteads to the conveyance made by Powell to Bartlett to complete the exchange of the tracts of land.

*Error from Wyandotte District Court.*

EJECTMENT.    Judgment for plaintiff *Powell,* at the February term, 1887.    The defendant *McAlpine* brings the case here.    The facts are sufficiently stated in the opinion.

*James M. Mason,* for plaintiff in error.

*Hutchings & Keplinger,* for defendant in error.

Opinion by SIMPSON, C.: This action was commenced in the district court of Wyandotte county, February 8, 1886, under § 595, civil code, by Mary A. Powell against Nicholas McAlpine, to recover the possession of one undivided half of ten and a fraction acres of land. Prior to the 15th day of January, 1875, Daniel Powell, the husband of the plaintiff below, owned and occupied with his family the certain ten acres and a fraction, which is the subject of this controversy. Besides himself and wife, the family consisted of their sons Joseph (since dead), Alexander, James and Thomas Powell. Of these four sons, named in the order of their birth, Thomas, the youngest, was about seventeen years old at the date above mentioned, to wit, January 15, 1875. According to the theory of the plaintiff below, and the evidence she offered tended strongly to support it, Mary A. Powell left Wyandotte county on the 15th day of January, 1875, for Woodson county, to reside on a tract of land; arrived there in due time, took possession of it, and lived thereon for years. This land in Woodson county was obtained by Daniel Powell by an exchange of the ten and a fraction acres in Wyandotte county, with one A. B. Bartlett for eighty acres in section 9, township 25, range 15, in Woodson county. Bartlett conveyed the eighty acres and gave some money in addition for the land in controversy. The Powells lived on the land in Woodson county for about twelve years — the old man dying in 1882 — and finally sold it. A title to a part of this land was in Mary A. Powell, and she enjoyed the benefits of all the land, knowing that it came to them by the exchange with Bartlett. She avers that she never signed or acknowledged a conveyance of the ten and a fraction acres to Bartlett. It is on this theory that she brought the action, and that it was tried in the court below. It was claimed that the property in Wyandotte county was her homestead, and that she never gave her consent to its alienation, and the trial court held strictly on that question that the joint consent of the husband and wife to an alienation of their homestead con-

sists in a deed signed by them at the same time and before the same officer, and duly acknowledged. At the trial the plaintiff in error offered a deed that purported to be signed and acknowledged by Daniel and Mary A. Powell. This deed she testifies she never did sign and execute. It was dated on the 23d day of January, 1875, and she states that on that day she was in Woodson county, or on her way there, to take possession of the land traded to them by Bartlett.

The whole theory of her case as tried in the court below, and there was evidence to sustain it, was, that at the time this deed purported to be executed by her, she was not in Wyandotte county, but in Woodson county, or on her way there. The trial court instructed the jury, "That the only question to decide in this case is whether said plaintiff, Mary A. Powell, did in fact execute and acknowledge the deed from Daniel Powell and Mary A. Powell, dated January 23, 1875; and if you find that the plaintiff did not execute and acknowledge said deed, you will find for the plaintiff."

During the trial, the plaintiff in error offered to prove what the plaintiff below said about the exchange of lands with Bartlett, from whom the title and possession of the eighty acres in Woodson county had been obtained; about the Powells delivering up the possession of the land in controversy to Bartlett; about a team being turned over to Powell in part consideration of the exchange;—but all of this was ruled out, and the court excluded from the jury a large amount of testimony tending to show that at and before the exchange of lands with Bartlett, Mary A. Powell knew of the exchange, expressed satisfaction with it, acted in accordance with its terms, and enjoyed for years all the benefits of the Woodson county lands, with a full knowledge of all the terms and conditions of the exchange. All this evidence was excluded by the trial judge, and the defendant below not allowed to present the details of the exchange and Mrs. Powell's knowledge of them, and her satisfaction with them. We think this case was tried on the wrong theory, and that the exclusion from the jury of all these things was error. Ac-

cording to Mary A. Powell's own statement she had abandoned her homestead in Wyandotte county and taken another in Woodson county, at the date of the execution of this deed, and the case does not call for the application of the strict rules that are so often invoked in the alienation of a homestead. At the exact moment of the execution of the deed from her husband to Bartlett, she was in the possession of a homestead in Woodson county, and therefore the controlling question in the case is not whether she signed that deed, or whether it was executed with all the formalities that are invoked by an attempt to convey away a homestead, but whether or not she had full knowledge of the exchange of lands by Bartlett and her husband, and tacitly (if not expressly) assented thereto, and received and enjoyed the benefits of that exchange, and is now equitably estopped from claiming an interest in the Wyandotte county property. It can very safely be asserted that she could not enjoy two homesteads, one in Wyandotte county and another in Woodson county. If she and her husband and their family were in the actual possession of a piece of land in Woodson county, living thereon, occupying it at the date of the execution of their deed to the Wyandotte property, the land so occupied by them and their children in Woodson county was their homestead. It is clear from the record that the Woodson county land was their homestead until about the time this suit was brought. According to her own sworn statement, she voluntarily removed to Woodson county, and hence necessarily abandoned her homestead in Wyandotte county. There can be no possible foundation for a claim of homestead on the Wyandotte county land, under all the facts recited in this record. In the years intermediate the execution of the deed and the institution of this action, Daniel Powell, one of the grantors, died, the notary before whom the deed was acknowledged died, and A. B. Bartlett, the man who made the exchange of property with Powell, died. Under these circumstances the admission of facts tending to show Mrs. Mary A. Powell's knowledge of the exchange, her participa-

tion in its benefits, and all her acts and expressions with reference to it, seem to us to be so imperatively demanded in the furtherance of justice, that grave errors were committed by the trial court. The only theory upon which they could in any aspect of the case be excluded, was that adopted by the trial court. If Mrs. Mary A. Powell had resisted the specific performance of the exchange, or had retained possession of the Wyandotte county property, and repudiated the attempt of her husband to alienate it, then the ruling below excluding these various facts might be sustained. The fundamental error that entails a succession of errors by excluding a proof of her knowledge and acquiescence in the exchange is the adoption by the court of the theory of the defendant in error, that the conveyance of the land by Daniel Powell to Mrs. Bartlett must be viewed in the light of those strict rules that apply to the alienation of a homestead.

For this error, and the others generated by it, the judgment of the district court should be reversed, and a new trial granted.

By the Court: It is so ordered.

All the Justices concurring.