CLARA N. SELLERS *et al.* v. HENRY GAY.

ESTOPPEL — *Claim of Homestead.* The facts in the present case are found to fall within the decision of *Sellers v. Crossan,* 52 Kas. 570, and, following that case, it is *held,* that the acts and conduct of the complaining parties estop them from disputing the validity of the mortgages foreclosed in favor of the defendants in error.

*Error from Wyandotte District Court.*

ACTION by *Henry Gay* against *Clara N. Sellers,* Willard P. Holmes, and others. Judgment for plaintiff, and defendants other than said Holmes bring error. The facts appear in the opinion.

*Sperry Baker,* and *W. H. Browne,* for plaintiffs in error.

*Cook & Gossett,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: On June 1, 1887, Clara N. Sellers and D. O. Sellers, her husband, borrowed $1,000 from Henry Gay, and, to secure the same, executed a mortgage upon property in the city of Paola. A second mortgage on the same property was executed about the same time to secure a debt or commission of Willard P. Holmes, who was their agent in obtaining the Gay loan. Default having been made in the payment of the indebtedness, an action was brought by Gay to recover the amount due, and to foreclose the mortgage securing the same. Holmes, the second mortgagee, declining to join with Gay as plaintiff, was made a party defendant, and several others were made parties defendant, among whom were A. K. Sellers, Nettie Sellers, W. P. Browne, and N. W. Wells.

In answer, Holmes set forth his claim and the lien of his mortgage, which he stated was superior to any of his codefendants. Clara N. Sellers and D. O. Sellers, her husband, alleged that they had no interest in the premises except the apparent title derived through a warranty deed made to them by A. K. Sellers and Nettie Sellers, which was in fact a mortgage made to secure the payment of $190 due from A. K. Sellers to Clara N. Sellers. The defendants A. K. Sellers and Nettie Sellers answered that they were the real owners of the mortgaged premises, and that the same were occupied by them as a homestead at the time of the execution of the mortgages, and had been so occupied and owned by them for the last 14 years. Wells and Browne answered that A. K. Sellers and Nettie Sellers executed a mortgage to them, on May 2, 1889, to secure the payment of two promissory notes amounting to $400; that the mortgaged premises were the homestead of A. K. Sellers and Nettie Sellers, and that the prior mortgages executed by Clara N. Sellers and D. O. Sellers were void, as they had no estate in the premises at the time those instruments were executed.

In reply, the plaintiff alleged that the loan was made to

Clara N. Sellers through A. K. Sellers, her agent, to pay off an existing mortgage upon the premises; that, to secure the loan, A. K. Sellers and Nettie Sellers represented to Gay that the property belonged to Clara N. Sellers, and that Nettie Sellers, the wife of A. K. Sellers, had made an affidavit that she had no interest in the premises; and that upon these representations the money was loaned. A like reply was made by the defendant Holmes. There were other pleadings, which are not deemed to be material to the disposition of the case.

The district court rendered judgment declaring the Gay mortgage a first lien upon the premises, the Holmes mortgage a second lien, and the mortgage of Browne and Wells a third lien. The defendants other than Holmes excepted to the rulings and judgment of the court, and it is insisted that the warranty deed from A. K. and Nettie Sellers, conveying the premises to Clara N. Sellers, was only a mortgage given to secure an indebtedness of $190, and that the mortgagees had knowledge of the character of the conveyance, and were aware of the occupancy and interest in the premises of A. K. and Nettie Sellers.

We think it must be held that the district court reached a correct result, and that whatever may have been the character of the transfer from A. K. Sellers and wife to Clara N. Sellers in 1880, the facts are such as to estop the former from disputing the validity of the Gay and Holmes mortgages. The legal title to the property had stood in Clara N. Sellers for more than seven years, and while A. K. and Nettie Sellers resided upon the property conveyed, they disclaimed and disavowed any title or interest in the same. In obtaining the Gay loan, A. K. Sellers acted as the agent of Clara N. Sellers, and signed the application, in which he represented that the title to the property was vested in Clara N. Sellers, that she obtained her title from himself in 1880, and that her title had never been disputed or called in question. He further certified that the loan was applied for upon these representations as to title, and he solemnly declared that such representations were true in every particular. The appraisers' report

accompanying the application was signed by N. W. Wells and A. K. Sellers, in which they certified that the statements in the application were true. It appearing that A. K. Sellers and wife had joined Clara N. Sellers in the execution of prior mortgages upon the premises, the application for the loan was refused until an explanation of their connection with those instruments was produced. Accordingly Nettie Sellers, the wife of A. K. Sellers, made an affidavit in which she stated that Clara N. Sellers and D. O. Sellers were the owners of the premises, and that she and her husband, A. K. Sellers, were caused to sign the mortgages through a mistake, as the title was then and is still in Clara N. Sellers, and that she and her husband, A. K. Sellers, had no interest in the property. Upon the strength of this affidavit, the application was accepted and the loan closed.

It is said that the firm of Wells & Crossan were the local agents of the mortgagees in the negotiation of the loan, and N. W. Wells, who was one of the defendants in this case, testified that the firm was informed by A. K. Sellers, when the application for the loan was made that, while the legal title to the property was in Clara N. Sellers, it had been conveyed to her for the purpose of securing an indebtedness. Crossan, who was in the room at the same time, states that he heard no such conversation; but if such a statement was made, it appears that subsequent to that time both A. K. Sellers and N. W. Wells joined in signing the application papers, in which they represented the title to be in Clara N. Sellers. No notice of such a statement was brought to the attention of Gay or Holmes by anyone, and the written representations made by both A. K. Sellers and N. W. Wells, and which they certify to be true, were that Clara N. Sellers had an unquestioned title to the property. After that time, the affidavit of Nettie Sellers was procured, in which she specifically disclaimed that she or her husband had any interest whatever in the property. These representations and this conduct would naturally quiet or put to rest any inquiries which might have been started concerning the title, and are such as

preclude the parties from disputing the truth of the assertions then made. The facts developed in this case, as will appear, were substantially the same as those established in the recent case of *Sellers v. Crossan*, 52 Kas. 570, (35 Pac. Rep. 205,) and the ruling in that case is controlling here. The mortgage in that case was on the south half of the lots constituting the alleged homestead, while those involved in the present case were upon the north half of the same; and the mortgages in both cases were executed about the same time. We refer to the decision in that case for a more complete statement of the facts and the reasons for the judgment that was given, and, following the reasoning in that case, we conclude that the court ruled justly in sustaining the mortgages of Gay and Holmes against the claims set up by any of the defendants in error.

The judgment of the district court will be affirmed.

All the Justices concurring.