THE FIRST NATIONAL BANK OF HAYS CITY, KANSAS, *Appellant,* v. MRS. JAMES (CANDAS) CARTER *et al., Appellees.*

No. 16,286.

SYLLABUS BY THE COURT.

HOMESTEADS—*Forced Sale—Adult Child's Share—Partition.* A widow occupying a homestead, the title to which descended to her and her children, can not complain of the forced sale of an adult son's share, and after the minor children have all arrived at the age of majority the purchaser of such share is entitled to partition.

Appeal from Ellis district court; JACOB C. RUPPEN-THAL, judge. Opinion filed February 12, 1910. Reversed.

*A. D. Gilkeson,* for the appellant.

The opinion of the court was delivered by

BURCH, J.: The action in the district court was one for the partition of real estate which was owned by James Carter in his lifetime. He died intestate, leaving a widow and minor children in the occupancy of the premises as a homestead. While some of the children were still minors the interest of an adult son, D. N. Carter, was sold on execution to satisfy a judgment against him in favor of the plaintiff, the First National Bank of Hays City. The plaintiff purchased at the sheriff's sale. The sale was duly confirmed and a sheriff's deed was issued and recorded. After the youngest child had attained his majority the plaintiff instituted the partition proceedings. The widow, who continued to maintain her residence on the land, denied title in the bank, resisted partition, and judgment was rendered in her favor. The ground of the decision was stated by the trial judge as follows:

"It seems to the court that the principal question is whether or not this matter comes under the constitutional provision relative to the alienation of the home-

stead, and the phrase of the constitution is: 'Shall be exempt from forced sale under any process of law.' The testimony shows that the property in controversy was the homestead of James Carter in his lifetime, and his wife, defendant Candas Carter, and that it has remained her homestead ever since. It seems that when the children reach maturity they can insist upon partition of the homestead, or should the widow remarry, which is not the case here. The sale by the First National Bank of D. N. Carter's interest, D. N. Carter being a son of James Carter, . . . was undoubtedly a forced sale, and it seems to the court that in that sense it is in violation of the constitutional inhibition against the forced sale of a homestead. The children might insist, under the statute, upon a partition, but one who claims the interest of D. N. Carter under a forced sale can not, and this court's judgment will be for the defendants for costs."

Upon the death of James Carter his widow took title to one-half of the land, and no more. Title to the share descending to D. N. Carter vested in him just as title to the widow's share vested in her. He could do as he liked with his own portion, and no disposition he might make of it could be of interest to the widow so long as her homestead right of occupancy was not disturbed. (*Dayton v. Donart*, 22 Kan. 256; *Gatton v. Tolley*, 22 Kan. 678; *Compton v. Gas Co.*, 75 Kan. 572.)

The interest of D. N. Carter was sold on execution, and not the interest of the widow. Therefore the question whether that sale was a forced sale contrary to the constitution was one between D. N. Carter and the bank and not one between the widow and the bank. The order confirming the sheriff's sale adjudicated its legality and validity. The sheriff's deed vested in the bank as good and as perfect an estate in the land as D. N. Carter enjoyed. (Civ. Code, § 480*cc;* Gen. Stat. 1901, § 4955.) He could not object that the sale was a forced sale of a homestead unless the land were his homestead. He has not complained and does not complain of the proceedings whereby the bank acquired his interest, and the widow has no concern with what he

did or suffers to be done with his property. It is im-
material to her whether he voluntarily deeded his in-
terest to the bank or whether he allowed it to be sold to
the bank on execution.

Since D. N. Carter's share of the land is now vested
in the bank, and since the time has arrived when the
homestead is no longer protected against partition
among the owners (*Towle v. Towle,* ante, p. 675), the
judgment is reversed and the cause is remanded.

JOHNSTON, C. J., and BENSON, J., dissent on the
grounds stated in the dissenting opinion in *Towle v.
Towle,* ante, p. 675.