No. 22,532.

HOMER C. NEWBY, Sr., *Appellee,* v. CHRISTINE ANDERSON, *Appellant,* et al.

### SYLLABUS BY THE COURT.

1. DESCENTS AND DISTRIBUTIONS—*Title to Homestead.* The title to the homestead descends in the same manner as other realty.

2. SAME—*Who May be Heirs of Deceased Person.* "The statute may make any person an heir. An heir in law is simply one who succeeds to the estate of a deceased person." (*McKinney v. Stewart,* 5 Kan. 384.) The statute of descents and distributions treats the husband as the heir of the wife; the wife as the heir of the husband. (Gen. Stat. 1915, §§ 3831, 3850.)

3. SAME—*Party Entitled to Partition of Homestead.* The owner of a homestead died leaving as his sole heirs his widow and a married daughter, who was of full age. The widow continued to occupy the premises as her homestead. The daughter afterwards died, leaving her husband and minor children as her sole and only heirs at law. *Held,* that under the statute of descents and distributions the surviving husband of the daughter is entitled to maintain an action for partition of the homestead.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed March 6, 1920. Affirmed.

*Lee Judy,* and *Earle R. Gilbert,* both of Kansas City, for the appellant.

*E. S. McAnany, M. L. Alden,* and *T. M. Van Cleave,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The appeal is from a judgment for the partition of real estate which the appellant claims is her homestead and not subject to partition. The property consists of a resi-

dence in Kansas City, Kan., and belonged in his lifetime to Andrew Anderson, who, with his wife Christine, occupied it as the homestead. He died in 1907 and left surviving him as his sole and only heirs, his widow, the appellant, and their daughter, Emma Anderson Newby, who was the wife of the appellee. After his death Christine Anderson occupied the premises as her homestead and still occupies it. The daughter, Emma Anderson Newby, died intestate in 1918, leaving as her sole and only heirs, her husband, who is the appellee, and three children who are minor defendants. The court found that appellant owned an undivided one-half interest in the homestead, and that upon the death of Emma Anderson Newby her undivided half interest descended one-fourth to her husband, the appellee, and to each of her minor children, an undivided one-twelfth interest, and partition and sale were ordered.

It is the appellant's contention that her son-in-law is outside of the family, related to her only by marriage, and that he is not entitled to have the property partitioned. The statute of descents and distributions provides that where the intestate leaves a widow and children, and the widow remarries, or when all of the children arrive at the age of majority, the homestead shall be divided, one-half in value to the widow, and the other one-half in value to the children. (Gen. Stat. 1915, §§ 3828, 3829.) Andrew Anderson left two heirs, his widow and his daughter. Upon his death the daughter became vested in a one-half interest in the homestead. She was then of age, and if she had desired was entitled to maintain a suit for partition. Upon her death, her undivided half interest passed to her husband and children, and they became tenants in common with Christine Anderson, and entitled to have the property partitioned. (*Towle v. Towle,* 81 Kan. 675, 107 Pac. 228; *Bank v. Carter,* 81 Kan. 694, 107 Pac. 234.) The statute of descents and distributions treats the husband as the heir of the wife; the wife as the heir of the husband. (Gen. Stat. 1915, §§ 3831, 3850.) The title to the homestead descends in the same manner as other realty. (*Mitchell v. Mitchell,* 69 Kan. 441, 77 Pac. 98.)

In *Breen v. Breen,* 102 Kan. 766, 173 Pac. 2, on which the appellant seeks to rely, it was held that those who are outside

of the family do not come within the terms of the statute authorizing distribution and have no right to claim the privileges and benefits conferred upon members of the family. In that case the plaintiffs spoken of as being outside the family were the brothers, sister, nephew, niece and cousin of the deceased. They were collateral heirs. The appellee in the present case is an heir at law of his deceased wife.

"The statute may make any person an heir. An heir in law is simply one who succeeds to the estate of a deceased person. In this sense the wife is an heir of her deceased husband, and when her deceased son has no wife, child, or father, she is his heir." (*McKinney v. Stewart*, 5 Kan. 384, 392.)

The judgment is affirmed.