No. 23,382.

Roy Jehu, *Appellee*, v. Lettie U. Jehu, *Appellant*.

SYLLABUS BY THE COURT.

Homestead—*Occupied by Widow of Intestate Husband—Subject to Partition at Suit of a Direct Heir.* When the owner of a homestead dies intestate, leaving as his only heirs his widow and an adult son by a former marriage, the widow cannot successfully resist partition of the homestead in an action by the son; and the fact that she continues to reside on the homestead and the son resides elsewhere is immaterial.

Appeal from Wyandotte district court, division No. 3; William H. Mc-Camish, judge. Opinion filed January 7, 1922. Affirmed.

*Elmer E. Martin,* of Kansas City, for the appellant.
*W. J. McCarty,* of Kansas City, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This appeal presents a simple question under the homestead law.

The plaintiff, a man of 32 years, is the son of the late C. P. Jehu of Wyandotte county. The defendant is his stepmother, and widow of the elder Jehu who died intestate.

The plaintiff brought partition of all the property inherited by him and defendant from C. P. Jehu. Part of the property was the homestead residence of his deceased father. The defendant continues to reside thereat. The plaintiff resides elsewhere.

In her answer, defendant resisted partition of the homestead, alleging—

· "That the homestead herein mentioned is not subject to partition but is the homestead of this defendant, and she is guaranteed· the use and occupancy of said premises as a homestead by the constitution of the State of Kansas."

Plaintiff lodged a demurrer to the above-quoted portion of the answer. The demurrer was sustained, and defendant appeals.

Can there be any doubt about the correctness of this ruling? Does the fact that a son has attained his majority and no longer dwells under his father's rooftree diminish his right as a member of his father's family to share in the possession of the family homestead and to demand partition thereof? This question must be answered in the negative. The family homestead is not subject to partition at the suit of collateral heirs (*Breen v. Breen,* 102 Kan. 766, 173 Pac. 2), nor at the suit of mere devisees (*Campbell v. Durant,* ante, p. 30, 202 Pac. 841), while such homestead is still occupied by some member of the family of the deceased owner; but among themselves the rights · of the members of the immediate family—the widow, sons, and daughters of the deceased owner, when they are all of age, and those lawfully claiming under them or any of them, are of equal rank although they may hold unequal proportions. They may insist on partition, and such right has never been denied. (Gen. Stat. 1915, §§ 3828, 3829; *Vandiver v. Vandiver,* 20 Kan. 501; *Towle v. Towle,* 81 Kan. 675, 107 Pac. 228; *Bank v. Carter,* 81 Kan. 694, 107 Pac. 234; *Newby v. Anderson,* 106 Kan. 477, 188 Pac. 438.)

The judgment is affirmed.