No. 36,561

Everett S. Cole et al., *Appellees,* v. Joe Coons, *Appellant.*

(167 P. 2d 295)

Opinion filed April 6, 1946.

*C. E. Chalfant,* of Hutchinson, argued the cause, *Harold R. Branine* and *Fred C. Littooy,* both of Hutchinson, were on the briefs, for the appellant.

*Paul R. Wunsch,* of Kingman, argued the cause, and *Charles H. Stewart,* of Kingman, was on the briefs for the appellees.

The opinion of the court was delivered by

Burch, J.: This case concerns a homestead interest asserted by a surviving husband of a wife who died intestate without minor children. The district court held that the involved property was subject to partition upon demand of the wife's adult children and that her surviving second husband did not have any homestead interest in the property which had been occupied by the husband and wife as their homestead prior to the death of the wife. The factual background follows:

P. A. Cole and Bessie D. Cole jointly owned a quarter section of land. P. A. Cole died intestate leaving his widow, Bessie Cole, and three children. The three children are the appellees. About ten years after the death of P. A. Cole his widow, Bessie, married Joe

Coons, who is the appellant. Soon after the marriage Joe Coons and Bessie Cole Coons moved onto the property and for another period of ten years lived on and maintained the same as their residence and home until the death of Bessie Cole Coons. Joe Coons, at the time the action was brought, was still living in the improvements located upon the involved property and at such time all of the children of P. A. Cole and Bessie Cole Coons were adults. Apparently Bessie Cole Coons and Joe Coons were never the parents of any children. If they were, such children's rights are not involved in this case. Following the death of Bessie Cole Coons her estate was probated. She died intestate and in the course of administration she was found to have owned an undivided three-fourths interest in the quarter section of land. Such interest in the property was assigned one-half to Joe Coons and one-sixth to each of the three children in connection with the final settlement of the estate on September 17, 1943. Approximately one year later the children filed this partition action in the district court naming Joe Coons as the defendant.

The petition alleged that the parties to the action were tenants in common and after alleging the facts hereinbefore summarized prayed for statutory partition of the property. The answer of Joe Coons either admitted or alleged all of the facts referred to herein and alleged further that the children were not occupying the premises and had not occupied any part of them for over five years. The prayer of the answer set forth that by reason of the allegations and admissions in the answer the defendant had a homestead interest in the property; that partition therefore should be denied and in the alternative that if partition be decreed as to the plaintiffs' undivided one-fourth interest inherited from their father, P. A. Cole, that a partition in kind be made of the described property and that an undivided three-fourths of the property be set apart to the defendant as his homestead; and that if it also was found that the property was not susceptible to partition in kind that upon the sale of the property an undivided three-fourths interest of the proceeds of said sale should be set aside for the benefit of the defendant and that he should be decreed to own absolutely one-half of the said three-fourths interest and also a homestead interest in the other one-half interest. The reply of the plaintiffs denied all allegations in the answer which were inconsistent with the allegations of the petition and alleged that the defendant had no homestead rights in

and to the property and that said plaintiffs were not barred in any manner from their right to have said land partitioned. The facts herein referred to were established in the trial and no controversy exists relative to the same.

After considering the briefs filed in behalf of the respective parties the trial court found that the land was subject to partition; that the allegations in the plaintiffs' petition were true; that each of the plaintiffs owned a 5/24 interest in the land and that the defendant, Joe Coons, owned a ⅜ interest in the same, and that it should be partitioned. The court therefore appointed three commissioners and made the customary orders for alternative partition. The court did not establish in the defendant any homestead interest. A motion for a new trial was filed, denied, and notice of appeal followed.

Analysis of the question presented necessitates cognizance of certain significant factors. This is not an action involving homestead interests acquired against creditors; neither is it an action in which the homestead interest is asserted as a defense to a petition for partition filed by collateral heirs or mere devisees who were not members of the family of the deceased wife. The plaintiffs were direct heirs of their deceased father and mother, both of whom died intestate owning undivided interests in the property, which the plaintiffs now seek to have partitioned. Such being true, a search of our decisions reveals that the question presented has been decided by this court in the case of *Jehu v. Jehu,* 110 Kan. 210, 203 Pac. 712. The syllabus in the cited case reads as follows:

"When the owner of a homestead dies intestate, leaving as his only heirs his widow and an adult son by a former marriage, the widow cannot successfully resist partition of the homestead in an action by the son; and the fact that she continues to reside on the homestead and the son resides elsewhere is immaterial."

From the cited case the following is quoted:

"In her answer, defendant resisted partition of the homestead, alleging— 'That the homestead herein mentioned is not subject to partition but is the homestead of this defendant, and she is guaranteed the use and occupancy of said premises as a homestead by the constitution of the State of Kansas.'

"Plaintiff lodged a demurrer to the above-quoted portion of the answer. The demurrer was sustained, and defendant appeals.

"Can there be any doubt about the correctness of this ruling? Does the fact that a son has attained his majority and no longer dwells under his father's rooftree diminish his right as a member of his father's family to share in the possession of the family homestead and to demand partition thereof? This question must be answered in the negative. The family homestead is

not subject to partition at the suit of collateral heirs (*Breen v. Breen,* 102 Kan. 766, 173 Pac. 2), nor at the suit of mere devisees (*Campbell v. Durant,* ante, p. 30, 202 Pac. 841), while such homestead is still occupied by some member of the family of the deceased owner; but among themselves the rights of the members of the immediate family—the widow, sons, and daughters of the deceased owner, when they are all of age, and those lawfully claiming under them or any of them, are of equal rank although they may hold unequal proportions. They may insist on partition, and such right has never been denied. (Gen. Stat. 1915, §§ 3828, 3829; *Vandiver v. Vandiver,* 20 Kan. 501; *Towle v. Towle,* 81 Kan. 675, 107 Pac. 228; *Bank v. Carter,* 81 Kan. 694, 107 Pac. 234; *Newby v. Anderson,* 106 Kan. 477, 188 Pac. 438.)" (p. 210.)

The only factual difference between the cited case and the present case is that the stepmother survived in the cited case and the stepfather survived in the present case.

The record in the present case does not disclose whether P. A. Cole and Bessie D. Cole and their children, ever occupied the premises as their homestead during the lifetime of P. A. Cole, but a development of the facts in that respect would not result in the application of any different legal principles. A mother could not, after the death of her husband, marry a second time and move onto property which she and her children had inherited in part from the children's father and thus clothe it with a homestead interest which would defeat the rights of the children to have the property partitioned when they all became of age regardless of whether they were occupying any part of it.

The case of *Towle v. Towle,* cited in the case of *Jehu v. Jehu,* supra, gives extensive treatment to the question of homestead exemptions and those interested in the general question may be aided further by referring to an article entitled "The Kansas Law of Homestead" written by James W. Taylor under the direction of the Judicial Council and published in the Kansas Judicial Council Bulletin under date of July, 1935, beginning at page 52 thereof.

Since the present case does not present a new question under our homestead laws, nothing is to be gained by a further review of the many decisions touching upon the question. If we should assume that the property in question was occupied as a homestead for the first time by Joe Coons and his wife, nevertheless when it was so occupied, the plaintiffs and Mrs. Coons were joint tenants or tenants in common irrespective of what their fractional interests may have been and one tenant in common of property cannot claim

a homestead as against another cotenant but may against creditors. In such connection see *Banner v. Welch,* 115 Kan. 868, 225 Pac. 98, from which the following is quoted:

"Appellants contend that this property is their homestead and that plaintiff cannot disturb or destroy their homestead interest in the property. The rule is well settled that when two or more parties buy real property, and become owners thereof as tenants in common, one of them cannot, as against his cotenant, establish a homestead upon the whole. All he can do is to establish a homestead as to creditors upon his separable interest or title. (*National Bank v. Kofflin,* 1 Kan. App. 599; *Tarrant v. Swain,* 15 Kan. 146; *Oliver v. Sample,* 72 Kan. 582, 84 Pac. 138; 15 A. & E. Enc. of L., 2d ed., 568, 570; 29 C. J. 849; 13 R. C. L. 573; *Livasy v. State Bk. of Redfield,* 185 Iowa 442; *Sieg v. Greene,* 225 Fed. 955; *Peets v. Wright,* 117 S. C. 409; *Baker v. Grayson,* 86 Okla. 159; *Leach v. Leach,* 223 S. W. [Tex. Civ. App.] 287.)" (p. 871.)

And see, also, *Blitz v. Metzger,* 119 Kan. 760, 241 Pac. 259; and *Bank v. Carter,* 81 Kan. 694, 107 Pac. 234.

Counsel for appellant refer us to certain of our decisions which they contend hold contrary to the decisions cited herein but such cases can all be distinguished from the present case because of the factual differences hereinbefore emphasized. Appellant's counsel also refer us to cases from other states, in some of which a result contrary to our decisions has been reached. Such cases frequently turn upon the wording of constitutional and statutory provisions different from ours. Moreover, this court is satisfied with the result reached in its prior decisions. Surely it was not the clear desire and intention of those who adopted our constitution and enacted our homestead exemption statutes that a stepmother or a stepfather could continue until the expiration of their lifetimes to live upon property inherited in whole or in part through a deceased father or mother and thereby delay the right of the children to possession of their part of the property. In the absence of any such clearly-expressed desire or intent this court should not so hold as a conclusion from construction. Counsel for appellees call our attention to the fact that the appellant failed to have a homestead interest in his behalf established in the probate proceedings. Such a defense was not alleged in the reply filed by the appellees and was not passed upon by the trial court. Since the judgment must be affirmed for the reasons hereinbefore set forth, it is unnecessary to discuss such contention.

The judgment of the district court is affirmed.