No. 36,561

EVERETT S. COLE et al., *Appellees*, v. JOE COONS, *Appellant*.

(178 P. 2d 997)

Opinion on rehearing filed April 5, 1947.

*C. E. Chalfant,* of Hutchinson, argued the cause, and *Harold R. Branine* and *Fred C. Littooy,* both of Hutchinson, were with him on the briefs for the appellant.

*Paul R. Wunsch,* of Kingman, argued the cause, and *Charles H. Stewart,* of Kingman, was with him on the briefs for the appellees.

*U. S. Weary,* of Junction City, as *amicus curiae.*

The opinion of the court was delivered by

BURCH, J.: The original opinion in this case was filed as of April 6, 1946, and appears in 161 Kan. 332, 167 P. 2d 295. A motion for a rehearing was allowed, additional briefs were filed and the case was reargued. The argument which convinced this court that the motion for a rehearing should be allowed was to the effect that the court followed the case of *Jehu v. Jehu*, 110 Kan. 210, 203 Pac. 712, without giving reported consideration to the wording of a relatively new statute in the present probate code. Such statute is G. S. 1945 Supp., 59-402, which reads:

"The homestead shall not be subject to forced partition unless the surviving spouse remarries, *nor* until all the children arrive at the age of majority." (Emphasis supplied.)

The corresponding statute and source of prior law which was in effect before its repeal and when *Jehu v. Jehu*, supra, was decided, is now shown as G. S. 1935, 22-105. It reads:

"If the intestate left a widow and children, and the widow again marry, *or* when all of said children arrive at the age of majority, said homestead shall be divided, one half in value to the widow and the other one half to the children." (Emphasis supplied.)

Because the present statute, G. S. 1945 Supp., 59-402, was not cited in the original opinion the impression may prevail that its significance was overlooked. In justice to counsel for the appellant, however, it should be said that such statute was called to our attention and its force emphasized in appellant's original brief. In the proceedings on rehearing our attention has been called again and again to the difference in the wording of the former statute and the wording of the present statute. The prior statute obviously provided that when a widow and children survive an intestate the homestead could be the subject of partition when and if the widow again married *or* when all of the children arrived at the age of majority. The present statute reading, "The homestead shall not be subject to forced partition unless the surviving spouse remarries nor until all the children arrive at the age of majority," may have a very different meaning. Counsel for the appellant emphatically contend that it was the deliberate intention of the legislature when it repealed G. S. 1935, 22-105, in connection with the passage of G. S. 1945 Supp., 59-402, to change the meaning in such manner that thereafter the surviving spouse with adult children would con-

tinue to have the same rights as a spouse without children or with minor children unless the spouse remarried. In support of such contention they cite Bartlett's Kansas Probate Law and Practice, sec. 195, p. 187, *et seq.* The cited text clearly supports the contention. Also it is contended that the word "nor" as distinguished from "or" is a negative connective or particle introducing a second negative of a negative proposition. This court does not necessarily disagree with such contentions and insofar as the syllabus to the original decision and the corresponding part of the opinion conflict with such contentions the same may be regarded as being set aside as the court does not intend that the original opinion shall be construed as deciding, by implication or otherwise, that the two statutes are identical in meaning. The question before the court, however, is whether the present statute has any application or is controlling in the instant controversy.

Before giving consideration to the above-stated question we note further that the original opinion, near the close thereof, reads as follows: "Counsel for appellees call our attention to the fact that the appellant failed to have a homestead interest in his behalf established in the probate proceedings. Such a defense was not alleged in the reply filed by the appellees and was not passed upon by the trial court." In the supplemental briefs and abstracts filed in connection with the rehearing it is established that counsel for appellees asked leave to amend their reply by setting forth, in substance, that the appellant was estopped from asserting or had waived the right to assert any claim to a right of homestead occupancy by reason of his failure to file a petition in the probate court claiming a homestead interest in the property as he might have done under the statute that is now G. S. 1945 Supp., 59-2235. Counsel for the appellant concede that he did not file such a petition. The record discloses further that in the instant case the trial court clearly took the position that an owner of an undivided interest cannot establish a homestead right as against a cotenant and that a surviving spouse cannot assert a homestead interest in property that was subject to partition by joint tenants before the deceased spouse died. For such reason the written opinion filed by the court concludes as follows: "In view of the above it is unnecessary to decide the question raised by the plaintiffs that the defendant is estopped from now claiming a homestead right when it was not asserted and adjudicated in the probate court." The reasoning of

the trial court seems logical. If no homestead interest could be asserted as against cotenants in this case, then such a nonexisting interest could not be waived or otherwise lost by failure to assert the same in any court because there was nothing to assert. Consequently, if the trial court was correct as to the basis for its ruling, then this court also does not reach for decision the question whether a waiver of or an estoppel to assert a homestead claim develops in the present case.

For the purpose of clarity, perhaps it is prudent to review again some of the pertinent facts. P. A. Cole and his wife, Bessie D. Cole, purchased the land in question in 1915, taking title in such a way that each had an undivided half interest therein. They were the parents of the appellees. P. A. Cole died intestate in 1922. His estate was not administered and it is conceded that one-half of his estate passed to his widow, Bessie D. Cole, and the other one-half to their three children. This left the title to the land in Bessie D. Cole and her children as tenants in common, she owning an undivided three-fourths interest and the children collectively owning a one-fourth interest, each of them owning a one-twelfth interest. In 1932 Bessie D. Cole married Joe Coons, the appellant, and shortly thereafter they moved upon the land and made it their home. On July 19, 1942, Bessie D. Cole Coons died intestate and her estate was duly probated in Reno County, Kansas. The administration was closed on September 7, 1943. Prior to her death her children, who are the appellees in the present case, collectively, as tenants in common with their mother, owned undivided interests in and to the property by reason of the children having inherited from their father one-half of his original interest in and to the property. Obviously, when their mother died the appellees also collectively acquired by descent from their mother one-half of her three-fourths interest in the property, with the result that the appellees at the time the action was brought were the owners of 15/24 of the property and the appellant was the owner of the remaining 9/24. A significant fact to be noted is that the appellees were collectively the owners as cotenants of 6/24 of the property *before* the death of their mother occurred. It should be noted also that they had become adults and that their mother had remarried long before the action was brought. The appellant admits that the appellees owned the respective interests in the property as cotenants, and the other circumstances herein set forth but contends that upon the death of

Bessie D. Cole Coons he became entitled not only to have title established in him as to his 9/24 interest in the property but that he was entitled also to a homestead right of occupancy in all of the interest owned by Bessie D. Cole Coons prior to her death. The appellees contend that the appellant was not entitled to any homestead right of occupancy because the property was owned in cotenancy prior to the death of Bessie D. Cole Coons.

In considering the question presented, it is well to bear in mind at the outset that the statute, G. S. 1945 Supp., 59-402, *supra*, does not create a homestead. It only provides that partition of a homestead may be had when and if it and certain other prescribed conditions exist. It presupposes that a homestead right exists. Its wording does not permit any other construction. As hereinbefore set forth it reads: "The homestead shall not be subject to forced partition unless the surviving spouse remarries, nor until all the children arrive at the age of majority." It follows, therefore, that if no right of homestead occupancy existed as between the cotenants that the statute has no application and is not controlling.

The original opinion, in addition to citing *Jehu v. Jehu*, supra, cites the case of *Banner v. Welch*, 115 Kan. 868, 225 Pac. 98, and quotes the following therefrom:

"'Appellants contend that this property is their homestead and that plaintiff cannot disturb or destroy their homestead interest in the property. The rule is well settled that when two or more parties buy real property, and become owners thereof as tenants in common, one of them cannot, as against his cotenant, establish a homestead upon the whole. All he can do is to establish a homestead as to *creditors* upon his separable interest or title. (*National Bank v. Kofflin*, 1 Kan. App. 599; *Tarrant v. Swain*, 15 Kan. 146; *Oliver v. Sample*, 72 Kan. 582, 84 Pac. 138; 15 A. & E. Enc. of L., 2d ed., 568, 570; 29 C. J. 849; 13 R. C. L. 573; *Livasy v. State Bk. of Redfield*, 185 Iowa 442; *Sieg v. Greene*, 225 Fed. 955; *Peets v. Wright*, 117 S. C. 409; *Baker v. Grayson*, 86 Okla. 159; *Leach v. Leach*, 223 S. W. [Tex. Civ. App.] 287.)'" (Emphasis supplied.) (p. 336.)

The original opinion also clearly develops that we do not have before us for consideration a case wherein homestead rights are being asserted as against creditors, heirs or devisees. The instant case involves only the right to assert homestead interests as against cotenants. In addition to the cases cited in the original opinion, see the case of *Hazelbaker v. Reber*, 123 Kan. 131, 254 Pac. 407, from page 136 of which the following is quoted:

"Would the rule be otherwise if the real estate were the homestead of one of the tenants in common? *Just what could the spouse of the tenant in com-*

*mon holding a homestead interest in the property do which would or could affect the right of the other cotenants or any one of them to have the property partitioned? Nothing.* The existence of a homestead interest in one of the cotenants may altogether prevent, for a time, any partition *in invitum* [citing cases]; *but where the right to partition is absolute, the fact that one of the cotenants occupies the property as a homestead* is of no consequence . . ." (Emphasis supplied.)

See, also, *Nelson v. Stocking,* 154 Kan. 676, 121 P. 2d 215, which quotes, with approval, from the opinion in the early case of *Tarrant v. Swain,* 15 Kan. 146, the following:

" 'Where a person owns an undivided half of a certain piece of land, and resides upon and occupies the land with his family, he may acquire a homestead interest in the land, under the homestead-exemption laws of Kansas, *so far as such interest does not conflict with the rights and privileges of his cotenant* . . .' " (p. 677.) (Emphasis supplied.)

The rule denying the right of one cotenant to assert a homestead claim as against another cotenant does not live in lonely isolation only in Kansas. The rule will be found stated in 40 C. J. S. 525, § 88, as follows:

"Under the great weight of authority, there may be a homestead right in property held jointly or in common, or in an undivided interest in property, *with the qualification that one joint tenant or tenant in common cannot acquire such a homestead right as will prejudice his cotenant's rights or interests.*" (Emphasis supplied.)

In 29 C. J. 849, § 167, the qualification of the rule is stated as follows:

"This rule is subject, of course, to the qualification that the tenant in common or joint tenant can obtain no such homestead interest as will interfere with the rights or interests of his cotenant or any person rightfully claiming under his cotenant."

In support of the qualification the text cites many cases, among them our early case of *Tarrant v. Swain,* supra. A short statement of the rule may be found in 26 Am. Jur. 39, § 62. It reads:

"He [a cotenant] may not assert a [homestead] claim which operates to the prejudice of his cotenants or deprives them of their enjoyment of the property . . ."

As was stated in the original opinion, cases from other states can be cited in which it has been held that one cotenant can assert homestead rights as against another cotenant but such cases frequently turn upon the wording of constitutional and statutory provisions different from ours. Nothing is to be gained by further emphasizing the rule in Kansas. It has been followed in this state

at least ever since Mr. Justice Valentine wrote, in 1875, in the case of *Tarrant v. Swain*, supra, the following:

"Of course, a tenant in common can obtain no such homestead interest as will interfere with the rights or interests of his co-tenant or any other person rightfully holding under his co-tenant." (p. 149.)

It follows, therefore, that in Kansas one cotenant cannot assert homestead interests as against other cotenants unless the statute under consideration creates such a right.

Application of the cotenancy qualification to the situation presented in the present case may necessitate the following observations: Under G. S. 1935, 22-105, when all of the children of Bessie Cole Coons reached the age of majority, they were cotenants of their mother in the involved land and their rights as such were enforceable. The fact that they acquired their cotenancies by inheritance rather than by purchase was of no consequence. (See the case of *Hazelbaker v. Reber*, supra, from which the following is quoted:

"It does not appear (and it is immaterial) whether their common ownership and title vested by deed or by inheritance." (p. 131.)

If the youngest child of Bessie Cole reached majority while the last-cited statute was in force, any or all of the children thereafter could have maintained a partition action and their mother could not have asserted any homestead right therein because she would have been asserting it against her cotenants. The record does not disclose whether the youngest child reached the age of majority before the statute which is now G. S. 1945 Supp., 59-402, was enacted, but such point becomes inconsequential because the mother of the adult children had remarried. Consequently, when the youngest child reached majority the children became absolute, unrestrained cotenants with their mother in the ownership of the involved land under either of the statutes referred to herein and could have forced partition of the property. Their right of partition was complete and not subject to delay by any statute. Such a status prevailed at the time the mother died. When she died she left no more than a cotenancy interest in the involved property. Consequently, the property involved in this action was clothed with a cotenancy ownership before and when it descended to the heirs at law.

The question arises: Could a survivor's right to a homestead be enlarged or diminished by reason of the death of the immediate

predecessor in title? The negative answer to the question will be found stated in many standard texts. In 26 Am. Jur. 110, § 174, the answer will be found as follows:

"The use or benefit which is secured to the surviving spouse by the provisions of the statute may not be claimed unless the premises were occupied under circumstances giving rise to the homestead right."

40 C. J. S. 724, § 239, states the rule as follows:

". . . A surviving spouse, or person within the statute, takes the homestead rights, not by right of survivorship, but as property set aside by law from decedent's estate for the benefit of such survivor, *and his or her rights are neither enlarged nor diminished by the fact of such death.*" (Emphasis supplied.) (Citing *Union Nat. Bank of Greeley v. Wright,* 78 Colo. 346, 242 Pac. 54.)

The appellant contends, however, that he obtained a "probate homestead right" in the involved property arising by reason of the operation of the statute under consideration and that, therefore, he is entitled to assert a homestead right as against his cotenants. From 40 C. J. S. 725, § 239, the following is quoted:

"The homestead right set apart to a surviving spouse or minor children is commonly called a 'probate homestead,' which, as defined by statute, is a homestead set apart by the court for the use of the surviving spouse and the minor children out of the common property, or if there be no common property, then out of the real estate belonging to deceased; or a homestead to be created by the probate court out of any property belonging to decedent, *which was subject to a homestead at the time of his death.*" (Emphasis supplied.)

Obviously, if there is no property which is subject to homestead rights at the time of death as against cotenants, then those claiming as against such cotenants cannot assert the same, and the "probate homestead" character of the claim does not affect the matter. A similar answer to the question here presented will be found stated in 40 C. J. S. 753, § 262, as follows:

"The survivors cannot claim any exemption which the decedent himself could not have claimed."

The rule is the same when applied to cotenants who inherit from a deceased cotenant. From 29 C. J. 1022, § 515, the following is quoted:

"If decedent was a tenant in common, his surviving children and his widow obtain rights of exemption in the property in jurisdictions where a homestead may be acquired in property so held. And on the other hand the surviving wife is not entitled to a homestead by survivorship in property which was held by herself and her husband as tenants in common in a jurisdiction where

the homestead laws do not permit the acquisition of a homestead in property so held."

See, also, 40 C. J. S. 772, § 268. As hereinbefore developed, tenants in common cannot assert homestead rights as against other cotenants in Kansas, and consequently, their survivors cannot, provided the cotenancy was established prior to the death of the decedent.

Able counsel for the appellant overlook the significance of the cotenant rule in the instant case and seemingly assume that the situation is identical to what it would have been if Bessie Cole Coons had been the sole owner of a segregated part of the property during her lifetime. If, during her lifetime, either Bessie Cole Coons, or her adult children, had seen fit to partition the property in such manner that there would have been set off to her as sole owner a three-fourths part of the property, an entirely different result would have followed. In such an instance her surviving second husband would have inherited from her an undivided interest in and to such property, which would have supported a claim for the right of homestead occupancy and probably G. S. 1945 Supp., 59-504, would have been controlling. But the interested parties did not see fit, during Bessie Cole Coons' lifetime, to have the property divided, either voluntarily or by forced partition.

In enacting G. S. 1945 Supp., 59-402, *supra*, the legislature did not abolish the rule as to a homestead claim not being maintainable by one cotenant as against another cotenant. The statute is, in fact, a recognition of the cotenancy rule. If it were not for the existence of the cotenancy rule there would be no occasion to put any limitation whatever upon the time and circumstances in which children, who become cotenants by descent, may enforce their rights to partition of a homestead. The statute has no application, however, to a cotenancy status established before the death of a decedent created a cotenancy ownership. It is, of course, correct to assert that when a person dies intestate, without debts, leaving a spouse and children, such survivors inherit as tenants in common or cotenants any land which the deceased may have owned, including the family homestead. Therefore, it may be contended that the statute pertaining to when a homestead may be partitioned must relate to land owned by tenants in common. Such statute relates to tenancies in common created by death but not before death. The distinction must ever be kept in mind that statutes creating ten-

ancies in common by descent cannot affect the cotenancy status of property fixed prior to the date of their operation.

As was stated clearly on page 334 in the original opinion and again restated herein, we have before us a case involving asserted homestead rights only as between cotenants. Therefore, cases involving homestead rights which can be asserted as against creditors, heirs and remote devisees and others, except cotenants, have no application. We are not holding that it is always essential, in order to establish a homestead right upon real property, that the husband or wife shall have had full title to the property. A homestead right of occupancy may be established upon a cotenancy title, an equitable title, or an executory contract to purchase, a leasehold estate, or an estate for life, as against almost any class of claimants except cotenants. Also it may be noted that we are not holding herein that claimants, in other classes, can assert that property is owned by cotenants for the purpose of resisting homestead rights.

Since the record in the present case clearly discloses that the appellees held unrestricted and unrestrained interests as cotenants in the involved property before the death of their mother occurred, it must follow that her surviving spouse did not acquire any right to assert a homestead interest as against the other cotenants. As between cotenants the property was not subject to a claim of homestead rights and, therefore, the statute pertaining to homestead rights (G. S. 1945 Supp., 59-402) was not applicable.

The ruling of the district court was correct. It is again affirmed.

HARVEY, C. J. (concurring in the judgment affirming the decision of the trial court, but dissenting from the opinion as written): The essential facts necessary to a decision in this case are as follows: Bessie Cole Coons died intestate July 12, 1942, leaving as her sole heirs at law her three children by a former marriage (plaintiffs in the court below and appellees here) and her husband, Joe Coons (defendant in the court below and appellant here). At the time of her death she was the owner of an undivided three-fourths interest in the land involved in this action as a tenant in common with her three children, who collectively owned the other undivided one-fourth interest in the land. Her estate was duly administered upon in the probate court. In that court her surviving husband made no claim of having a homestead upon the land or upon her three-fourths

interest therein, as he might have done under G. S. 1945 Supp., 59-2235. The administration of the estate proceeded regularly to a final settlement on September 7, 1943. At that time the court, acting under G..S. 1945 Supp., 59-2249, determined the heirs of decedent and assigned to the three children of decedent an undivided one-half interest of decedent's three-fourths interest in the land and assigned to her surviving husband, Joe Coons, the other half of decedent's interest therein. The decree did not encumber the part given to decedent's children with a homestead for the surviving husband, as would have been proper had he made a claim of homestead under G. S. 1945 Supp., 59-2235, and had such a claim been allowed. (*Dayton v. Donart*, 22 Kan. 256.). The surviving husband made no objection to the decree made by the probate court. He did not appeal from it, as he might have done if he was dissatisfied with it, and it became final. (G. S. 1945 Supp., 59-2249; *Bitzer v. Smith*, 158 Kan. 83, 87, 145 P. 2d 148, and cannot be attacked collaterally, *Cole v. Thacker*, 158 Kan. 242, 146 P. 2d. 665.)

Thereafter this action for partition of the land was brought. Defendant by his answer pleaded that he had a homestead interest in the land, particularly to the undivided three-fourths of it owned by his wife at the time of her death. The reply denied that plaintiff had any homestead interest in the property. The trial court denied defendant's claim to a homestead interest in the property and he has appealed.

At one of our early consultations on the case (and at the first one, as I remember it), the court decided to affirm the judgment of the trial court upon the ground that in view of the probate proceeding and decree above mentioned appellant could not now be heard to contend that he had a homestead interest in the land. I am of the opinion the trial court's judgment should be affirmed on that ground.

The delay in the final disposition of this appeal is occasioned by efforts to affirm the judgment of the trial court upon some other ground. That alone would not be serious if another ground, legally sound, could be found. The first effort resulted in an opinion. (*Cole v. Coons*, 161 Kan. 332, 167 P. 2d 295.) Without attempting an explanation, which at best would be inadequate, I confess my own error in concurring in that opinion. Our attention was promptly called to the error of our decision by a motion for rehearing and by counsel appearing as *amicus curiae*. We promptly granted a re-

hearing. The efforts to affirm upon some other ground have continued, with the present result, which I think is erroneous.

After the death of their father in 1922 plaintiffs and their mother were ordinary tenants in common of the tract of land. Each was entitled to a share of the rents and profits; each was liable for his share of the taxes. Any one of them could have mortgaged or sold his undivided share of the land, or could have disposed of it by will, without the consent of his cotenants. The share of each was liable for his debts and could have been sold on execution. Each was entitled to go into possession. If but one of them went into possession he did so for the benefit of all. Any one of them could have maintained an action in partition and had his share set off to him in severalty, or if that could not be done, had the land sold and received his share of the proceeds. The rights of the plaintiffs in this action to maintain an action to partition the land, insofar as the action is based upon their shares inherited from their father in 1922, have never been abrogated, and they maintain this action for that purpose. This now is conceded by appellant and is not a controverted question to be decided here.

The real controversy here is whether plaintiffs can maintain an action to partition the land with respect to the additional share they acquired upon the death of their mother in 1942. By that time the situation with respect to the land and its occupancy was changed from what it was in 1922. In the meantime plaintiffs' mother married Joe Coons in 1932, "and immediately thereafter," as the record states, she and her husband moved upon the land and made it their home until her death in 1942. Her surviving husband has continued to live upon the land. He has not remarried. He claims a homestead interest in the undivided three-fourths interest in the land which his wife owned at the time of her death, and further claims that such homestead interest is not subject to partition.

As I view it this raises three questions. *First,* did plaintiffs' mother and her husband, Joe Coons, establish a homestead upon the undivided three-fourths interest in the land by moving upon it and making their home there. It fulfilled the constitutional requirement (Const., art. 15, sec. 9), of being "occupied as a residence by the family of the owner."

It is not material, of course, whether the title to property used as a home stands in the name of the husband or the wife. It becomes the homestead of both of them if either of them has such title as authorizes the holder to take possession of the property,

and if they actually live upon it and maintain their home there. (*Monroe v. May, Weil & Co.,* 9 Kan. 466; *Hixon v. George,* 18 Kan. 253, 258; *Thompson v. Millikin,* 102 Kan. 717, 172 Pac. 534.)

To establish a homestead upon real property it is not essential that either the husband or the wife have full title to the property. It may be an equitable title (*Moore v. Reaves,* 15 Kan. 150), or an executory contract to purchase (*Southern v. Linville,* 139 Kan. 850, 857; 33 P. 2d 123), or an estate for a term of years (*Hogan v. Manners,* 23 Kan. 551), or an estate for life (*Goodman v. Malcolm,* 5 Kan. App. 285, 48 Pac. 439), or it may be an undivided fractional share of the property owned by the husband or wife as a tenant in common with other persons who owned fractional shares thereof. (*Tarrant v. Swain,* 15 Kan. 146.) In each of these instances the homestead attaches only to that title or estate which the party establishing the homestead has, and it does not attach to the interest of other parties who have some interest in or undivided share of the property.

Touching the question as to whether a tenant in common may establish a homestead upon his interest in the real property, early in this state there was a full treatment of the question in *Tarrant v. Swain,* supra, where it was held:

"Where a person owns an undivided half of a certain piece of land, and resides upon and occupies the land with his family, he may acquire a homestead interest in the land, under the homestead-exemption law of Kansas, so far as such interest does not conflict with the rights and privileges of his cotenant, although he owns only an undivided-half of the land." (Syl. ¶ 2.)

In the opinion (p. 149) it was said:

"But it is claimed that Tarrant owns only the undivided-half of said lot, and that such an interest in property is insufficient to uphold a homestead claim. We can perceive of no good reason why this should be so under our broad and comprehensive homestead provisions. (*Thorn v. Thorn,* 14 Iowa 49; *McClary v. Bixby,* 36 Vt. 254.) The laws, however, of the various states upon this subject differ and several decisions may be found on the other side of the question. Of course a tenant in common can obtain no such homestead interest as will interfere with the rights or interests of his cotenant, or any person rightfully holding under his cotenant. But this is probably the only limitation upon his acquiring a homestead interest in such property. Third parties cannot say that, because a tenant in common cannot obtain such a homestead interest as will defeat or destroy the interest of his cotenant, that therefore he cannot obtain any homestead interest at all. *Neither can his cotenant question his right to acquire a homestead interest in the property,* so long as such cotenant is allowed to enjoy all his rights and privileges in and to said property as a cotenant. . . . Each cotenant has a known, ab-

solute, fixed and determinate individual interest in the property." (Italics ours.) (The opinion distinguishes this from 'the interest of partners in partnership real property.)

In the more than sixty years since this decision the rules of law there announced have never been overruled or modified; indeed, they have uniformly been applied or specifically followed. (See *Wheat v. Burgess*, 21 Kan. 407; *National Bank v. Kopplin*, 1 Kan. App. 599, 42 Pac. 263; *Banner v. Welsh*, 115 Kan. 868, 871, 225 Pac. 98; *Blitz v. Metzger*, 119 Kan. 760, 241 Pac. 259; *Nelson v. Stocking*, 154 Kan. 676, 121 P. 2d 215.)

This list is not intended to be complete. All these decisions are in harmony with the general rule. (See 29 C. J. 848; 40 C. J. S. 525, § 88; 13 R. C. L. 572, § 35; 26 Am. Jur. 38, § 62, and the annotation in 89 A. L. R. 540, where many of our cases and cases from other states are cited.

Under these authorities when Bessie D. Cole married Joe Coons she and her husband had a perfect right to go upon the land, make their home there and establish a homestead upon her three-fourths interest in the land. It belonged to her—not to her children. She and her husband could have mortgaged it, could have conveyed it by deed, or could have disposed of it by her will without consulting her children. To me it seems clear that she and her husband did establish such homestead. Upon her death, intestate, one-half of the title to her three-fourths interest in the land passed to her husband and the other half of her title passed to her children subject to her surviving husband's homestead interest.

In *Dayton v. Donart*, 22 Kan. 256, where a man having a homestead died leaving a wife and several children, it was held:

"That the title to said land descends to his widow and children, (adults as well as minors, and to those who do not reside upon the land as well as to those who do,) just the same as it would descend if the property were not occupied as a homestead, except that it descends to them subject to a certain homestead interest vested in the widow and such of the children as occupy the homestead at the time of the intestate's death." (Syl. ¶ 1.)

The decision on this point has been consistently followed by this court. (*Carter v. Becker*, 69 Kan. 524, 534, 77 Pac. 264; *Hollinger v. Bank*, 69 Kan. 519, 521, 77 Pac. 263; *Mitchell v. Mitchell*, 69 Kan. 441, 443, 77 Pac. 98; *Smith v. Landis*, 93 Kan. 453, 455, 144 Pac. 998; *Postlethwaite v. Edson*, 102 Kan. 104, 108, 171 Pac. 769; *Brigham v. Pfister*, 151 Kan. 991, 101 P. 2d 869; *In re Estate of Casey*, 156 Kan. 590, 598, 134 P. 2d 665.)

*Second,* the right to maintain partition.

"As a general rule, a tenant in common of a fee-simple estate in real property is entitled to partition as a matter of right." (*Fry v. Dewees,* 151 Kan. 488, syl. ¶ 4, 99 P. 2d 844.)

The legislature may determine when a homestead may be partitioned. In 1868 our legislature enacted a statute which reads:

"If the intestate left a widow and children, and the widow again marry, or when all of said children arrive at the age of majority, said homestead shall be divided, one-half in value to the widow and the other one-half to the children." (G. S. 1868, ch. 33, sec. 5.)

The validity of this statute was sustained in *Towle v. Towle,* 81 Kan. 675, 107 Pac. 228. This continued to be in force until 1939, when it was repealed by the Probate Code, chapter 180, Laws of 1939. In the meantime it had been set out in each of our general statutes and given a number, and finally became section 22-105 in our Revised Statutes of 1923 and in our General Statutes of 1935. The statute was followed through the years it was in force in any case in which the spouse, in whose name the title stood, died leaving a surviving spouse or a surviving spouse and children. (*Vandiver v. Vandiver,* 20 Kan. 501; *Hafer v. Hafer,* 33 Kan. 449, 6 Pac. 537; *Brady v. Banta,* 46 Kan. 131, 26 Pac. 441; *Trumbly v. Martell,* 61 Kan. 703, 60 Pac. 741; *Newby v. Anderson,* 106 Kan. 477, 188 Pac. 438; *Jehu v. Jehu,* 110 Kan. 210, 203 Pac. 712.) In such a case partition could be had only if one of two conditions came about—if the surviving spouse remarried or if the children became adults. At the time of the preparation of the new Probate Code experience had developed that in many cases a husband, in whom the homestead title vested, died intestate leaving a wife with minor children, and the homestead was the only substantial property; where the mother of the children had worked for years to rear and educate them, and then in her old age was forced to submit to the partition of the property at the suit of an adult child, even though that meant that in her old age she was thrown out of a home. To prevent that situation arising the legislature enacted a section which reads:

"The homestead shall not be subject to forced partition unless the surviving spouse remarries, nor until all the children arrive at the age of majority." (G. S. 1945 Supp. 59-402, Laws 1939, ch. 180, § 20.)

This is the statute that was in force at the time of the death of Bessie D. Cole Coons and under which the homestead of Bessie

D. Cole Coons and Joe Coons was not subject to forced partition unless Joe Coons, the surviving spouse, remarried.

Since it is stipulated that the defendant, Joe Coons, has not remarried since the death of his wife in 1942, and that he is still making his home upon the premises, the above analysis would re-quire the reversal of the judgment of the trial court insofar as it pertains to the partition of the three-fourths interest owned by defendant's wife at the time of her death in 1942 if it were not for another question now to be discussed.

*Third,* is the appellant, Joe Coons, estopped from claiming a homestead in the three-fourths interest of the property owned by his wife at the time of her death? It is my judgment that he is.

The new Probate Code, in force since July 1, 1939, contains a provision (G. S. 1945 Supp., 59-2235) which so far as here pertinent reads:

"After the inventory and appraisement have been filed, the surviving spouse . . . may petition the court to set apart the homestead, and the personal property allowed in section 21 . . . Upon proof of the petition, the court shall set apart such homestead and personal property. The property so set apart shall be delivered by the executor or administrator to the persons entitled thereto, and shall not be treated as assets in his custody, but the title to the homestead shall be included in the final decree of distribution."

As previously stated, the estate of Bessie D. Cole Coons was duly administered in the probate court. All of the court files in that case were admitted in evidence at the trial of this action. These files do not disclose that the surviving spouse, Joe Coons, filed any petition in the probate court for the setting apart of the homestead; in fact it is conceded here that no such petition was filed and no action was taken by the probate court setting aside a homestead interest to the defendant.

While this statute uses the permissive word "may" rather than the mandatory word "must" it is clear this procedure must be followed if the setting aside of the homestead is essential to the proper administration and distribution of the estate. (See *Meech v. Grigsby,* 153 Kan. 784, 113 P. 2d 1091.) Indeed, it would be a proper procedure in every case. Here, by the courtesy of her children, Bessie D. Cole Coons and her husband were occupying the entire 160 acres of land. Their homestead, if claimed by the surviving spouse, would have attached only to the undivided three-fourths of it. It was therefore essential that the homestead be set

off, if the surviving spouse desired to claim it, in order that a proper final order of distribution could be made.

The statute (G. S. 1945 Supp., 59-2247) also provides for petition and notice of final settlement, and that the petition shall contain, among other things, "(3) A description of the real estate and the interest of the decedent therein at the time of his death; and (4) the nature and character of the respective claims of the heirs, devisees, and legatees of the decedent. Notice of the hearing thereof shall be given pursuant to section 185." The evidence shows that this petition was filed describing the property of the decedent and stating the interest of the heirs without any mention of any homestead claim of defendant, and that due notice of the hearing of it was given.

The statute (G. S. 1945 Supp., 59-2249) provides that upon the hearing of the petition for final settlement the account shall be examined, etc., and specifically provides that "Upon such settlement and allowance the court shall determine the heirs, devisees and legatees entitled to the estate and assign the same to them by its decree. The decree shall name the heirs, devisees and legatees, describe the property, and state the proportion or part thereof to which each is entitled."

Had the surviving spouse, Joe Coons, filed a petition in the probate court to have set off to him a homestead upon the undivided three-fourths interest in the property, and had such a petition been allowed after notice of hearing, the appropriate final order of the court to be made in the distribution of the estate would have been a decree that Joe Coons had a homestead in the three-fourths interest owned by his wife, and title to an undivided one-half of it, and that the three children of Bessie D. Cole Coons by her first husband had title to one-half of the three-fourths interest of their mother (each of them having one-eighth interest therein) subject to the homestead right of Joe Coons. No such decree was entered. The surviving spouse, Joe Coons, presented nothing to the probate court which would have authorized such a decree. The decree in fact did set off to Joe Coons one-half of the undivided interest in the property of his deceased wife and the other half of it was set off to her children by a former marriage, the plaintiffs in this action, without being subject to any homestead rights of Joe Coons.

As pertinent here, the new probate code made two important changes in the law and practice in probate courts respecting estates

of decedents. One is that the new procedure is adversary, while previously it had been largely *ex parte*; second, it gave the probate court authority in its final decree to determine the rights of heirs (or other parties) to the respective shares or portions of the real property. Previously the probate court determined those matters as to personal property only and had nothing to do with the real estate unless it was necessary for it to be sold to pay debts.

In harmony with these sections of the statutes and their purpose, this court has held that the probate court has the original exclusive jurisdiction over decedents' estates and their final settlement (*Herbel v. Nuss*, 158 Kan. 376, 147 P. 2d 735); that the final settlement made by the probate court, unappealed from, is binding upon the parties (*Bitzer v. Smith*, 158 Kan. 83, 145 P. 2d 148); and that such final decree cannot be attacked collaterally. (*Cole v. Thacker*, 158 Kan. 242, 146 P. 2d 665.)

So, in this proceeding Joe Coons cannot be heard to say that he has a homestead interest in the land sought to be partitioned in this action.

The homestead right is a personal one which the owner may surrender by abandonment, or he may be estopped from claiming it by his conduct, or by record. (See 40 C. J. S. 667 *et seq.*) General equitable principles of estoppel apply to a claim of homestead. This court in several cases has considered the question as to whether a party has estopped himself from claiming a homestead and has allowed or denied the claim of estoppel, depending upon the facts. (*McAlpine v. Powell*, 44 Kan. 411, 24 Pac. 353; *Sellers v. Crossan*, 52 Kan. 570, 574, 35 Pac. 205; *Sellers v. Gay*, 53 Kan. 354, 36 Pac. 744; *Adams v. Gilbert*, 67 Kan. 273, 275, 72 Pac. 769; *Withers v. Love*, 72 Kan. 140, 153 to 160, 83 Pac. 204; *Shay v. Bevis*, 72 Kan. 208, 83 Pac. 202; *Doman Hunting & Fishing Ass'n v. Doman*, 159 Kan. 439, 446, 155 P. 2d 438.) In at least two of our cases the court has held the party to be estopped from claiming a homestead by the record. In *Linn v. Ziegler*, 68 Kan. 528, 75 Pac. 489, a party had filed a pleading in court claiming a homestead in a certain 80-acre tract of land. It was held that he "is thereby estopped to assert that such tract was at the same time the homestead of another." In *Catlin v. Deering & Co.*, 102 Kan. 256, 170 Pac. 396, a widow lived upon a quarter section of land in Barber county as her home for a number of years, which land was encumbered by a mortgage. A judgment had been obtained against her in Kingman county upon

a promissory note and a transcript of the judgment filed in Barber county. The mortgage on the property was foreclosed and an order of sale issued, and on the same date an execution was issued by the clerk of Barber county upon the Kingman county judgment. The sheriff advertised the land to be sold under both the order of sale and the execution as one sale. The widow knew of this and made no effort to stop the sale or its confirmation until after the period of redemption had expired and the sheriff's deed was issued. She then brought an action to set aside the sale because included in it was a void execution upon a judgment which was not a lien upon her homestead. Her right to do so was denied because she had not taken effective steps to stop the sale as to the execution on the personal judgment although it was conceded that the execution itself was void and that the Kingman county judgment was never a lien upon her homestead.

While the facts in this case differ from those before us the underlying principle is the same, namely, that where one has a right and a duty to speak respecting his homestead claim and sits idly by and makes no attempt to do so until a final judgment is rendered against him, from which no appeal is taken, he cannot later raise the question of homestead. We think that Joe Coons' right to a homestead was a matter that was in issue in the probate court. It could have been raised by him and was not, and the final judgment against him without any reference to it was a denial of his right to a homestead.

In the plaintiffs' petition they allege the ownership of 160 acres of land by their parents, the death of their father and mother, allege that by reason thereof each of them was the owner of an undivided five-twenty-fourths of the property, and that Joe Coons was the owner of three-eighths. The shares claimed by the plaintiffs were those inherited both from their father and their mother. In his answer the defendant admits the allegations of fact of the petition but alleges that since 1932 he had been occupying the property as his homestead, for which reason partition should be denied, and in the alternative contended that if partition be made as to the share of the property, three-fourths of the property be set apart to defendant as his homestead, and if the land should be sold that three-fourths of the proceeds of the sale be set aside for his benefit, and that he be decreed the owner of one-half of the three-fourths interest, with a homestead interest in the other one-half of the proceeds.

Plaintiffs in their reply denied allegations of the answer inconsistent with their petition and specifically alleged that the defendant had no homestead right in and to the property. These pleadings show that defendant, by his answer in this action, for the first time claimed a homestead right in the property, which claim was denied by the plaintiffs. Defendant had the burden of proof to support his claim of homestead. He failed in that burden of proof for the reason that he did not show that he had claimed the right of homestead in the probate court and had such claim allowed.

It is my judgment that appellant, having failed to have his homestead set off to him in probate court, as he could and should have done, and having acquiesced in the final decree of the probate court, as above stated, the decree of the court in this case making partition without recognizing his claim to homestead should be affirmed.

In the event this court should hold that appellant is not estopped from now asserting his homestead claim for the reasons above stated, the judgment of the trial court in this case should be reversed with directions to allow the plaintiffs partition, setting off to them the shares of the land they inherited at the time of the death of their father in 1922, but denying their right to have partition insofar as it pertains to the shares of land they inherited on the death of their mother in 1942.

THIELE, J. (concurring specially in the result): As I read appellant's brief, he concedes that as a general rule a tenant in common is entitled to have partition of real estate as a matter of right, but he contends that, under the provisions of the probate code, when he becomes a tenant in common of real estate in which he has a homestead interest, partition may not be demanded against him by another cotenant unless he remarry nor until the children arrive at the age of majority. (G. S. 1945 Supp., 59-402.)

In the concurring opinion of Mr. Chief Justice Harvey is a full statement of the relationship between the parties, the manner in which they acquired their interest in the real estate, and what occurred in the probate court in connection with the estate of Bessie D. Cole Coons, as well as a review of the probate code provisions relied on by the appellant. I am in general agreement with what is there said about the force and effect of the probate code provisions pertaining to setting apart the homestead (G. S. 1945 Supp., 59-2235) and of the order made on final settlement of the estate

(G. S. 1945 Supp., 59-2249), and that by reason thereof the surviving husband, Joe Coons, may not now resist partition on account of any claimed homestead interest in his deceased wife's real estate.

I agree that the judgment of the trial court allowing partition should be affirmed.