No. 35,368

Lee R. Nelson, *Appellant*, v. Alta Stocking, Eunice F. Nelson, Mary Ellen Nelson Silva et al., *Appellees.*

(121 P. 2d 215)

Opinion filed January 24, 1942.

*C. W. Spencer,* of Sedan, for the appellant.

*Charles W. Roberts, Lloyd S. Roberts,* both of Winfield, and *Riley Robbins,* of Sedan, for the appellees.

The opinion of the court was delivered by

Allen, J.: The plaintiff Lee R. Nelson was the owner of an un-divided one-fourth interest in 281 acres of land in Cowley county. He lived upon this land with his wife and minor children, and it is agreed by all parties interested in this appeal that he occupied the land as his homestead.

Plaintiff brought an action in partition, joining as defendants his cotenants and certain judgment creditors. The decree of the court defined the interests of the various cotenants and directed partition as prayed for in the petition. That part of the judgment and decree material on this appeal reads:

"It is further by the court considered, ordered, adjudged, and decreed that the undivided one-fourth (¼) interest of the plaintiff Lee R. Nelson in and to the northeast quarter of section 28, township 33, range 8, Cowley county, Kansas, or the proceeds of a sale in partition thereof, are hereby set aside to the plaintiff Lee R. Nelson as his homestead, or the proceeds of the sale thereof, and as such adjudged exempt from the claims, judgments, and liens of W. T. Treadway and The L. C. Adam Mercantile Company.

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"It is further by the court considered, ordered, adjudged, and decreed by the court that the ¼ interest of Lee R. Nelson in said real estate, except his homestead interest as above set out, is subject to the lien of the judgment of W. T. Treadway in the sum of $130.45 with interest at 10% from the 3 day of December, 1932, and $131.63 with interest at 8% per annum from the 3 day of December, 1932, and costs in the sum of $30.40.

"It is further by the court considered, ordered, adjudged, and decreed that

the one-fourth (¼) interest of Lee R. Nelson in said real estate, except his homestead interest as above set out, is subject to a lien of the judgment of the L. C. Adam Mercantile Company in the sum of $345.47 with interest at 8% per annum from the 7 day of August, 1939, and the costs in the sum of $16.20."

This appeal is from the judgment so entered.

Appellant contends that his homestead right extends to his one-fourth interest in the 281 acres; that he was entitled to have 70.22 acres set off to him as his homestead, and that the court committed error in allowing as his homestead exemption only a one-fourth interest in 160 acres.

In *Tarrant v. Swain*, 15 Kan. 146, it was held as stated in the syllabus:

"Where a person owns an undivided half of a certain piece of land, and resides upon and occupies the land with his family, he may acquire a homestead interest in the land, under the homestead-exemption laws of Kansas, so far as such interest does not conflict with the rights and privileges of his cotenant, although he owns only an undivided half of the land."

See, also, *Banner v. Welch*, 115 Kan. 868, 225 Pac. 98; *Blitz v. Metzger*, 119 Kan. 760, 241 Pac. 259.

The rule announced in *Tarrant v. Swain*, supra, that a tenant in common may acquire a homestead in the undivided premises, where such claim does not prejudice the rights of his cotenants, and where the general requisites to the exemption are present, appears to be the rule in the majority of the jurisdictions. See Annotation, 89 A. L. R. 540.

The narrow question presented is whether the homestead exemption of appellant is coextensive with his interest in the entire tract, or extends only to his interest in 160 acres. While the question appears to be one of first impression in this state, it has been before the courts in other jurisdictions.

In 29 C. J. 849, it is stated:

"In some states, where a tenant in common is entitled to a homestead, and the entire property exceeds in quantity the statutory limit as to the number of acres, his right of homestead extends to an undivided interest of the statutory number of acres out of the interest owned. In other states this rule is not recognized, but it is held that if the entire property exceeds the number of acres allowed by statute as exempt, although the interest of the debtor would be less if set apart, he can claim as exempt only land occupied by him not exceeding the number of acres and value fixed by the statutes, to be allowed to him just as if he owned the entire tract."

Under our statute G. S. 1935, 60-3501, a homestead "to the extent

of one hundred and sixty acres of farming land" is declared to be exempt from forced sale except in certain cases therein specified. We think the answer to the question submitted is found in the express language of the statute above quoted. As the homestead exemption is allowed "to the extent" of 160 acres, it cannot, without disregarding the plain words of the statute, be extended to embrace 281 acres. Decisions from other states based upon the language of local statutes are not particularly helpful. The court is of the opinion that under the specific language of our statute the exemption allowed is limited to 160 acres. It follows that the ruling of the trial court was correct and the judgment must be affirmed. It is so ordered.