(827 P.2d 1205)
No. 66,876

COMMERCE BANK OF KANSAS CITY, *Appellee*, v. MELVIN W. ODELL and GLORIA J. ODELL, *Appellants*.

Opinion filed March 13, 1992.

*James E. Kunce,* of Overland Park, for appellants.

*J. Darcy Domoney,* of Winkler, Lee, Tetwiler & Domoney, of Paola, for appellee.

Before PIERRON, P.J., DAVIS and LARSON, JJ.

PIERRON, J.: Commerce Bank of Kansas City (plaintiff), a judgment creditor of Melvin W. Odell and Gloria J. Odell (defendants), is seeking to execute on 240 acres of land owned by the defendants. Each defendant claims a 120-acre homestead, causing all of the jointly owned property to be exempt from execution. The question presented is whether the 240 acres can be subject to a 120-acre homestead for each defendant, or whether, in fact, there is only one homestead exemption of 160 acres which the defendants must share.

The defendants were divorced on May 23, 1984. They have not remarried and remain single persons. Commerce Bank issued an unsecured credit card to defendants prior to their acquisition of the real property in question. The defendants acquired fee simple title to the real property by joint tenancy warranty deed dated September 4, 1987. The deed is issued to "MELVIN W. ODELL and GLORIA J. ODELL, his wife; as JOINT TENANTS and not as tenants in common." On October 7, 1987, the defendants granted an easement conveyance to Kansas City Power and Light as "Melvin W. O'Dell and Gloria J. O'Dell, husband and wife." On June 2, 1989, the defendants mortgaged the property to Citizens Bank and Trust of Kansas City as "Melvin W.

Odell and Gloria J. Odell, his wife." Despite these conveyances as husband and wife, no evidence indicates that the defendants have remarried; they contend that they have not remarried and that they remain single persons.

The plaintiff has received a judgment against the defendants for debt arising from use of an unsecured consumer credit card. The judgment is for $15,015.99 plus interest from April 4, 1990. It is undisputed that judgment for Commerce Bank was obtained after defendants acquired the subject real property. The subject real property is farming land which is located outside of the city limits. The plaintiff attempted to execute against defendants' real property.

In response to the notice of sale, each defendant filed a designation of homestead. The defendants jointly own the 240 acres and each claims his or her one-half interest, 120 acres, as his or her homestead. Each defendant filed his or her homestead designation pursuant to K.S.A. 60-2302 and as a single person. Each defendant claims that he or she owns an undivided one-half interest of farming land and he or she resides on the same as his or her residence and homestead. The 120-acre homestead claimed by each defendant is within the statutory allowable limit of 160 acres for a homestead. K.S.A. 1991 Supp. 60-2301. Claiming that all of their real estate is subject to homestead exemptions, the defendants moved to quash the plaintiff's writ of execution and order of sale.

The trial court found that the "Defendants received title as joint tenants with right of survivorship and have continually held themselves out by conveyances of interest in said real estate as joint tenants and husband and wife." The trial court also found that "[t]o now find that Defendants are tenants in common in order to defeat a Writ of Execution would be tantamount to permitting Defendants to use fraud to enhance their exemption; and . . . Defendants are entitled to a 160 acre exemption."

The trial court denied the defendants' motion to quash the writ of execution and order of sale and designated only 160 acres of the subject 240 acres as subject to the homestead exemption. Under the trial court's order, 80 acres of the defendants' land is now subject to sale. The defendants have timely appealed.

The issue on appeal is whether two defendants, who jointly own a 240-acre parcel of land, are entitled to a separate homestead exemption of up to 160 acres each under K.S.A. 1991 Supp. 60-2301 or whether they are only entitled to each declare an 80-acre exemption or to declare a one-half joint interest in a 160-acre exemption.

The trial court's decision that the defendants together were only entitled to one 160-acre homestead was a conclusion of law. "This court's review of conclusions of law is unlimited." *Hutchinson Nat'l Bank & Tr. Co. v. Brown,* 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

While both the plaintiff and the trial court agree that the defendants should be treated as a married couple, this is not possible. The required elements of a common-law marriage are as follows: "(1) capacity of the parties to marry; (2) present marriage agreement between the parties; and (3) a holding out of each other as husband and wife to the public." *In re Estate of Hendrickson,* 248 Kan. 72, Syl. ¶ 1, 805 P.2d 20 (1991). Although two of the three elements may exist in this case, no precedent exists for a judicial declaration of marriage in spite of the parties' lack of intent or agreement to be married. And since the plaintiff does not contend that the 1984 divorce decree is invalid, this court will proceed in determining if two single people who jointly own real property can each declare the full homestead exemption allowed by law.

The Kansas right to claim a homestead exemption is constitutional in nature. See Kan. Const. art. 15, § 9. The statute currently implementing this constitutional right is K.S.A. 1991 Supp. 60-2301. It reads as follows:

"**Homestead; extent of exemption.** A homestead to the extent of 160 acres of farming land, or of one acre within the limits of an incorporated town or city, or a manufactured home or mobile home, occupied as a residence by the owner or by the family of the owner, or by both the owner and family thereof, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon. The provisions of this section shall not apply to

any process of law obtained by virtue of a lien given by the consent of both husband and wife, when that relation exists."

The purpose of the Kansas homestead exemption has been clearly established and repeated in numerous cases. The exemption benefits the family and society by protecting a family from "destitution and society from the danger of her citizens becoming paupers." *State, ex rel. v. Mitchell,* 194 Kan. 463, 465, 399 P.2d 556 (1965) (quoting *Morris v. Ward,* 5 Kan. 239, 244 [1869]). Because the purpose is clearly to protect the family and society from the hardships which occur when a family loses its home, the homestead law has been construed to not allow any liens to attach to the homestead other than those specified in the constitution. Those include liens for taxes and liens arising from obligations contracted for either the purchase or improvement of the homestead. *Mitchell,* 194 Kan. at 465.

In continuing this zealous protection of family rights and homestead property, Kansas has liberally interpreted the homestead provision to safeguard its "humanitarian and soundly social and economic purposes." *Mitchell,* 194 Kan. at 466. In line with that construction of the homestead provision, Kansas courts have found that co-owners as tenants in common can establish homesteads as to their creditors upon their separable interest or title. *Banner v. Welch,* 115 Kan. 868, 871, 225 Pac. 98 (1924). Kansas has also found that in order to establish a homestead, a husband and wife need not have full title to the real property.

"A homestead right of occupancy may be established upon a cotenancy title, an equitable title, or an executory contract to purchase, a leasehold estate, or an estate for life, as against almost any class of claimants except cotenants. Also it may be noted that we are not holding herein that claimants, in other classes, can assert that property is owned by cotenants for the purpose of resisting homestead rights." *Cole v. Coons,* 162 Kan. 624, 633, 178 P.2d 997 (1947).

Against this background of homestead law this court must decide if each cotenant is entitled to the full homestead exemption of 160 acres or if they must share one homestead exemption of 160 acres.

A 1942 Supreme Court case would seem to answer this question rather directly. In *Nelson v. Stocking,* 154 Kan. 676, 121 P.2d 215 (1942), the court ruled that the plaintiff, Nelson, who had a

one-fourth interest in 281 acres of land, was entitled only to a one-fourth interest in the 160-acre homestead exemption and that the remainder of his one-fourth interest in the 281 acres was subject to the claims of creditors. Nelson had contended that his homestead right extended to his one-fourth interest in the 281 acres. One-fourth of 281 is 70.25 acres. Nelson argued that he was entitled to have 70.25 acres set off to him and that such land was exempt from creditors because it was his homestead. Nelson urged the appellate court to find that the trial court had erred in allowing his homestead to consist of only a one-fourth interest in 160 acres. The court said:

"The narrow question presented is whether the homestead exemption of appellant is coextensive with his interest in the entire tract, or extends only to his interest in 160 acres. While the question appears to be one of first impression in this state, it has been before the courts in other jurisdictions.

"In 29 C.J. 849, it is stated:

'In some states, where a tenant in common is entitled to a homestead, and the entire property exceeds in quantity the statutory limit as to the number of acres, his right of homestead extends to an undivided interest of the statutory number of acres out of the interest owned. In other states this rule is not recognized, but it is held that if the entire property exceeds the number of acres allowed by statute as exempt, although the interest of the debtor would be less if set apart, he can claim as exempt only land occupied by him not exceeding the number of acres and value fixed by the statutes, to be allowed to him just as if he owned the entire tract.' " *Nelson,* 154 Kan. at 677.

The court did not explain its rationale in depth, but it does seem to focus on the language of the statute. Examining G.S. 1935, 60-3501, the court found that a homestead was allowed "to the extent of one hundred and sixty acres of farming land." 154 Kan. at 677-78. The court said:

"We think the answer to the question submitted is found in the express language of the statute above quoted. As the homestead exemption is allowed 'to the extent' of 160 acres, it cannot, without disregarding the plain words of the statute, be extended to embrace 281 acres. Decisions from other states based upon the language of local statutes are not particularly helpful. The court is of the opinion that under the specific language of our statute the exemption allowed is limited to 160 acres." *Nelson,* 154 Kan. at 678.

Ingenious and industrious counsel for the defendants would distinguish *Nelson* by suggesting that there are three material differences between that case and the case at bar: First, *Nelson*

was a partition action which cannot be resisted on the basis of a claimed homestead exemption. Second, the claimed exemption of the debtor in *Nelson* would have been in derogation to the rights of the other cotenants in the partition action. Third, the homestead exemption has been amended to expand the exemption from male family heads to include any person.

None of the distinctions are material. *Nelson* was decided on the basis of "the plain words of the statute" which limited the homestead exemption to 160 acres whether or not there were more than 160 acres in issue. There is nothing in *Nelson* to indicate that the rule will be different in a non-partition action. Neither was there any discussion of the derogation of the rights of cotenants in the decision as a basis for the holding. Finally, we note that the amendment expanding the class of people allowed to claim the exemption did not expand the *amount* of land that could be claimed thereunder.

While the court in *Nelson* could have interpreted the statute as suggested by defendants, it did not. Modification of this 50-year-old precedent, if appropriate, must come from the Supreme Court or the legislature.

Although the trial court was incorrect in finding that the defendants could only claim a 160-acre homestead as a husband and wife, it was correct in finding that a 160-acre exemption was all that could be claimed by the owners.

"The judgment of a trial court, if correct, is to be upheld, even though the court may have relied upon a wrong ground or assigned an erroneous reason for its decision." *Sutter Bros. Constr. Co. v. City of Leavenworth*, 238 Kan. 85, 93, 708 P.2d 190 (1985).

Affirmed.